IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**BRENT DELAY and SHANNON DELAY,**
Plaintiffs,

-vs-

Case No. A-14-CA-064-SS

**HOUSEHOLD FINANCE CORPORATION, III,**
Defendant.

## <u>O R D E R</u>

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiffs Brent Delay and Shannon Delay's Motion to Remand [#5], and Defendant Household Finance Corporation, III's Response [#6]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders DENYING the motion to remand.

### Background

This is a suit to delay or prevent foreclosure of the real property located at 105 Polo Pony, Liberty Hills, Texas 78642. The Delays took out a home equity loan on the property in 2007 and executed a Note and Deed of Trust in favor of the lender, Household Finance. The Delays apparently defaulted, and Household Finance initiated a Texas Rule of Civil Procedure 736 proceeding in the 277th Judicial District Court of Williamson County, Texas, seeking an order authorizing foreclosure. In response, the Delays filed this lawsuit in the 368th Judicial District Court of Williamson County, Texas, alleging Household Finance lacks authority to foreclose because it no longer holds the Note, and further alleging various causes of action relating to Household Finance's representations made

during the loan process. Household Finance removed the case to this Court on the basis of diversity jurisdiction. The Delays now move to remand.

## Analysis

### I.    Legal Standard

"[T]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Moreover, because removal jurisdiction raises significant federalism concerns, courts must strictly construe removal jurisdiction. *Id.* District courts have original jurisdiction over civil actions between "citizens of different States," where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The Supreme Court has interpreted this statute to require "complete diversity"—that is, the citizenship of every plaintiff must be different from that of every defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

### II.    Application

The Delays argue remand is required for two reasons: (1) Household Finance is not diverse because it does business in the State of Texas, and is therefore subject to *personal* jurisdiction in Texas; and (2) the prior exclusive jurisdiction doctrine prevents this Court from exercising jurisdiction. Neither argument has any merit.

Turning first to diversity, the Delays' argument is hopelessly confused. The Delays conflate the concept of "purposeful availment" in the personal jurisdiction context with the concept of citizenship in the subject matter jurisdiction context. The two concepts are distinct, and one has no bearing on the other. *See, e.g., Johnlewis v. U.S. Bank Nat'l Ass'n*, No. H-12-3360, 2013 WL 655808, at *4 (S.D. Tex. Feb. 21, 2013) (rejecting identical argument because "[t]he existence or lack of Defendants' minimum contacts with Texas does not impact the Court's subject matter

jurisdiction").

"The federal diversity jurisdiction statute provides that 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (quoting 28 U.S.C. § 1332(c)(1)). A corporation's "principal place of business" refers to its "nerve center," described as "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92–93; *see also id.* at 93 (noting the nerve center "should normally be the place where the corporation maintains its headquarters"). Household Finance is incorporated in Delaware and its principal place of business is in Illinois. *See* Not. of Removal [#1], at 2; Def.'s Resp. [#6-3], Ex. 2 (Texas franchise tax public information report showing Household Finance's principal office and principal place of business in Illinois, and showing officers and directors residing in Illinois).

The Delays base their misguided argument on the mere fact Household Finance has a mailing address in Austin and a "registered office" in Dallas. As the Fifth Circuit has explained, "a 'registered office' is simply the place where service of process can be made upon a corporation's registered agent. It has nothing to do with the corporation's 'principal place of business.'" *Ill. Cent. Gulf. R. Co. v. Pargas, Inc.*, 706 F.2d 633, 637–38 (5th Cir. 1983). Unsurprisingly, the Dallas address the Delays provide is the (former) address of Household Finance's registered agent, CT Corporation Systems. Def.'s Resp. [#6-2], Ex. 1.

Although the Delays do not seriously contest the amount-in-controversy requirement,[1] the

---

[1] The Delays note Household Finance did not seek damages in the Rule 736 proceeding—a type of proceeding in which damages are not even available, as the only issue the court has jurisdiction to resolve is whether the applicant is entitled to an order to proceed with foreclosure. *See Huston v. U.S. Bank Nat'l Ass'n*, 359 S.W.3d 679, 682 (Tex. App.—Houston [1st Dist.] 2011, no pet.). The Delays then pose the rhetorical question: "If the title is worth more than $75,000.00, then wouldn't possession of the same property be worth as much?" Mot. to Remand [#5], at 5. The answer is no, because full title is far more valuable than a mere right of possession.*See, e.g., Five Ten Texas III LLC v. Soto*,

Court finds the requirement satisfied. The Delays seek unspecified monetary damages, as well as a declaration Household Finance's security interest in the property is void. The property's value was appraised at more than $250,000. Not. of Removal [#1-10], Ex. E. The Delays' lawsuit thus places at least the value of the property at issue, and the amount-in-controversy requirement is satisfied.

Second, the Delays contend the prior exclusive jurisdiction doctrine mandates remand. The prior exclusive jurisdiction doctrine holds, "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Marshall v. Marshall*, 547 U.S. 293, 311 (2006); *see also Kline v. Burke Constr. Co.*, 260 U.S. 226, 229 (1922) ("[W]here the jurisdiction of the state court has first attached, the federal court is precluded from exercising its jurisdiction over the same res to defeat or impair the state court's jurisdiction."). But the primary purpose of this doctrine is to prevent jurisdictional disputes brought about as a result of *multiple concurrent proceedings*. *Kline*, 260 U.S. at 229. There are not concurrent proceedings here because the Rule 736 proceeding was automatically stayed—and would have been dismissed, had the Delays complied with the Rule—by the Delays' filing of this lawsuit. *See* TEX. R. CIV. P. 736.11(a), (c).[2] To the extent the Delays argue *this lawsuit*, which was previously filed in state court, implicates the doctrine, they are wrong. *See Iqbal v. Bank of Am., N.A.*, No. 1:12-cv-938-SS, slip op. at 9 (W.D. Tex. Dec. 18, 2012) (order denying motion to remand) (explaining that removal divests state court of jurisdiction, thus precluding any state-court–federal-court conflict), *aff'd*, No. 13-50218 (5th Cir.

---

No. 3:14-CV-0355-N-BH, 2014 WL 1016116, at *3 (N.D. Tex. Mar. 14, 2014) (distinguishing between "the value of the property" and "the value of the right of possession"); *Wells Fargo Bank, N.A. v. Victoria*, No. 4:13cv683, 2014 WL 663962, at *2 (E.D. Tex. Feb. 20, 2014) (same).

[2] Specifically, Rule 736.11(c) obligated the Delays to "file a motion and proposed order to dismiss or vacate with the clerk of the court in which the application was filed giving notice that respondent has filed an original proceeding contesting the right to foreclose in a court of competent jurisdiction" within ten days of filing the second lawsuit. TEX. R. CIV. P. 736.11(c). "If no order has been signed, the court must dismiss a pending proceeding." *Id.*

Mar. 18, 2014) (unpublished). The prior exclusive jurisdiction doctrine is therefore inapplicable, and provides no basis for remand.

## Conclusion

Accordingly,

IT IS ORDERED that Plaintiffs Brent Delay and Shannon Delay's Motion to Remand [#5] is DENIED.

SIGNED this the 20th day of March 2014.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE